

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00018-CV

**BILLY JOE AKINS, DAVID AKINS, MARILYN AKINS, AND CHAPARRAL INSULATION, INC. D/B/A CHAPARRAL MOTORS AND LOCHRIDGE-PRIEST, INC.,**

Appellant

v.

**PJC LOGISTICS, LLC, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF LOCHRIDGE-PRIEST, INC.,**

Appellee

From the 170th District Court
McLennan County, Texas
Trial Court No. 2014-3463-4

## ORDER FOR REFERRAL TO MEDIATION

The Legislature has provided for the resolution of disputes through alternative dispute resolution (ADR) procedures. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.001-154.073 (West 2005). The policy behind ADR is stated in the statute: "It is the policy of this state to encourage the peaceable resolution of disputes . . . and the early settlement of pending litigation through voluntary settlement procedures." *Id*. § 154.002 (West

2005). Mediation is a form of ADR. Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a mediator. Mediation is private, confidential, and privileged.

We find that the appeal in Cause No. 10-15-00018-CV is appropriate for mediation. *See id.* § 154.021(a) (West 2005); 10TH TEX. APP. (WACO) LOC. R. 9. We note that this Court referred the related appeal in Cause No. 10-14-00222-CV and the original proceeding in Cause No. 10-14-00380-CV to mediation on December 18, 2014.

The Court assigns Judge Rick Morris as mediator. Judge Rick Morris was also assigned as mediator in Cause No. 10-14-00222-CV and Cause No. 10-14-00380-CV. His address and phone number are as follows:

Judge Rick Morris
P.O. Box 1163
Salado, Tx 76571
(254) 718-3388

Mediation must occur within sixty days after the date of this order; however, it is left to the parties and the mediator to agree on the location of the mediation.

No less than seven calendar days before the first scheduled mediation session, each party must provide the mediator and all other parties with an information sheet setting forth the party's positions about the issues that need to be resolved. At or before the first session, all parties must produce all information necessary for the mediator to understand the issues presented. The mediator may require any party to supplement the information required by this Order.

Named parties must be present during the entire mediation process, and each party that is not a natural person must be represented by an employee, officer, agent, or representative with authority to bind the party to settlement. For purposes of this referral to mediation, the respondent trial court is deemed to not be a party.

Immediately after mediation, the mediator must advise this Court, in writing, only that the case did or did not settle and the amount of the mediator's fee paid by each party. The mediator's fees will be taxed as costs. Unless the mediator agrees to mediate without fee, the mediator must negotiate a reasonable fee with the parties, and the parties must each pay one-half of the agreed-upon fee directly to the mediator.

Failure or refusal to attend the mediation as scheduled may result in the imposition of sanctions, as permitted by law.

Any objection to this Order must be filed with this Court and served upon all parties within ten days after the date of this Order, or it is waived.

We refer the appeal in Cause No. 10-15-00018-CV to mediation.


PER CURIAM

Before Chief Justice Gray, and
    Justice Scoggins
(Justice Davis not participating)
Order issued and filed February 12, 2015
Do not publish

